UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKRAE E. PRESTON,<br><br>                Plaintiff,<br>    v.<br><br>SB&C, LTD aka SKAGIT BONDED COLLECTOR, L.L.C.,<br><br>                Defendant. | CASE NO. 2:24-cv-01589-LK<br><br>ORDER ON PRESTON'S MOTION FOR RECONSIDERATION |

      This matter comes before the Court on Plaintiff Mikrae Preston's motion for reconsideration of the Court's order on Defendant SB&C Ltd.'s motion to dismiss. Dkt. No. 30. The motion is granted in part and denied in part. It is granted insofar as the Court reconsiders and clarifies the status of Preston's dismissed claims (i.e., whether they are dismissed with or without prejudice), and is denied in all other respects.

## I. BACKGROUND

      On May 12, 2025, the Court issued its order granting in part and deferring in part SB&C's motion to dismiss, and granting its alternative motion to certify a question to the Washington

Supreme Court. Dkt. No. 28. In its order, the Court dismissed "[a]ll of Preston's claims other than those based on Section 70.170.060(8)(a)'s notice requirement" and deferred ruling on "the portion of Preston's claims involving Section 70.170.060(8)(a)," which it certified to the Washington Supreme Court. *Id.* at 22. The Court also granted SB&C's request to stay proceedings pending the Washington Supreme Court's decision on the certified question. *Id.* at 21–22. The Court stated that it would "address whether Preston will be granted leave to amend her complaint after it rules on the deferred portion of SB&C's motion to dismiss." *Id.* at 23.

On May 27, 2025, Preston moved for reconsideration, arguing (1) that the Court erred in dismissing her failure-to-screen claims, and (2) that the Court should not have dismissed her claims with prejudice and instead should have given leave to amend. Dkt. No. 30 at 1–2. As explained below, the Court disagrees that it erred in dismissing the failure-to-screen claims and clarifies that only the failure-to-screen claims are dismissed with prejudice. Preston's remaining claims are dismissed without prejudice.

## II. DISCUSSION

### A. Legal Standard

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not

intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

**B.    Preston Has Not Shown That the Court Erred in Dismissing Her Failure-to-Screen Claims**

Preston argues that the Court erred by dismissing her failure-to-screen claims because it overlooked the principle that, under assignment law, "an assignee has no more rights than its assignor." Dkt. No. 30 at 2 (capitalizations removed). As applied here, Preston appears to argue that SB&C (as assignee) inherited both the medical debt *and* the limitation from Section 70.170.060(10)(c) of the Revised Code of Washington that prevented the hospital from collecting that medical debt prior to screening. *See id.* at 2–3. In other words, she asserts that because the hospital could not legally collect her medical debt, SB&C is similarly barred. *Id.* at 4.

But this misapplies assignment law and overextends the scope of the statutory screening requirement. First, as the Court pointed out in its prior order, Preston's argument would disrupt several statutory schemes. The legislature decided to include a requirement that *hospitals* refrain from collecting medical debt before screening for Charity Care eligibility, Wash. Rev. Code § 70.170.060(10)(c); if it wanted to extend that requirement to debt collection agencies, it could have added a similar limitation to the Collection Agency Act, Wash. Rev. Code § 19.16. *et seq.*, which governs how collection agencies such as SB&C collect medical debt. Preston's argument simultaneously reads a new requirement into the Collection Agency Act and expands the scope of the Charity Care Act beyond hospitals.

More fundamentally, however, Preston's argument does not put the assignor and assignee on equal footing vis-à-vis the debt. Preston argues that the limitation on collecting medical debt from Section 70.170.060(10)(c) transfers from the hospital to SB&C after the debt is assigned. But that limitation is inseparable from the underlying screening obligation, which is hospital-specific

and non-transferable. If SB&C does not inherit the underlying duty to screen—and even *Fairway* makes clear that it does not—then SB&C cannot be bound by a limitation that depends on that duty. *Fairway Collections, LLC v. Turner*, 540 P.3d 805, 816 (Wash. Ct. App. 2023) ("[T]he obligation to screen for charity care applies to Arbor Health, not Fairway"). Preston's argument creates an illogical scenario in which SB&C is restricted from collecting medical debt assigned to it but has no obligation (or means) to perform the screening that would lift the restriction. Thus, Preston's scenario does not put the assignor and assignee on equal footing—rather, SB&C would have *fewer* rights that the hospital would, because it would be saddled with a limitation that it could not lift, without the ability to perform a hospital-specific function that it is neither legally obligated nor equipped to undertake.

The case Preston discusses—*Puget Sound National Bank v. State of Washington Department of Revenue*—does not compel a different result. In that case, a bank purchased retail installment contracts from car dealers. 868 P.2d 127, 128–29 (Wash. 1994). These contracts were subject to a sales tax paid by the dealer at the time of sale. *Id.* at 129. Under state law, dealers were permitted to seek a refund of part of the sales tax if the contracts resulted in a financial loss. *Id.* at 129. The question was whether the bank, as the assignee of the contracts, could claim this refund, even though the statute only allowed refunds for entities that "make sales at retail" (which the dealer did, but the bank did not). *Id.* at 130. The Washington Supreme Court held that the bank could seek the refund because the right to a tax refund was directly linked to the installment contracts, so the bank inherited the dealer's ability to claim it. *Id.* at 132–33.

*Puget Sound* involved a straightforward transfer of a contractual right, the purpose of which was to put the assignor and the assignee on the same footing. Preston's argument flips *Puget Sound*'s logic—which expanded, not limited, the assignee's rights—and puts SB&C in a *worse* position than the hospital by restricting its ability to collect medical debt based on a duty to screen

ORDER ON PRESTON'S MOTION FOR RECONSIDERATION - 4

patients that it cannot practically or legally fulfil under the statutory scheme. *Puget Sound* does not require that this Court greenlight such an expansive change to the existing statutory framework, particularly when that change is unsupported by the statutory text or existing case law.

### C. Preston's Argument That the Court Accepted SB&C's Factual Allegations is Wrong

Next, Preston argues that the Court erroneously considered SB&C's factual allegations with respect to Preston's Section 19.16.250(29) claim without converting the motion to dismiss into one for summary judgment. Dkt. No. 30 at 6–7. That is not an accurate characterization of the Court's order; it did not accept or consider "SB&C's unsupported allegation in its Motion (Dkt. # 13 at 14) as to when the first written notice was sent to Ms. Preston." Dkt. No. 30 at 7. Instead, the Court found that Preston failed to plead a claim based on SB&C's failure to include the required Charity Care statement in its "first written notice" because she did not provide any "supporting factual allegations regarding when she received that notice and why the notice was insufficient under Section 19.16.250(29)." Dkt. No. 28 at 15. In other words, the claim failed because Preston's allegations were threadbare and conclusory. *See id.* (noting that "[t]he complaint does not contain the words 'first written notice'"); *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 145 S. Ct. 1556, 1567 (2025) ("[W]e cannot take the allegation here at face value, because [the plaintiff] has not said enough to make it plausible."); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### D. The Court Clarifies its Ruling on the Status of Preston's Dismissed Claims

Preston also argues that this Court erred by dismissing all claims other than the Section 70.170.060(8)(a) claim (on which it deferred) with prejudice. Dkt. No. 30 at 5. Preston also argues that she should have been given leave to amend her claims. *Id.*

As the Court has already stated, it will address leave to amend "after it rules on the deferred

ORDER ON PRESTON'S MOTION FOR RECONSIDERATION - 5

portion of SB&C's motion to dismiss." Dkt. No. 28 at 23. Until then, the case is stayed and it would make little sense to address amendment in piecemeal fashion. As for Preston's claim that the Court erred by dismissing all non-deferred claims with prejudice, the Court did not actually specify whether its dismissal was with prejudice. It does so now.

Preston's claims based on Sections 19.16.260(2) and 19.16.250(29) of the Revised Code of Washington are dismissed without prejudice. As Preston notes, the Court dismissed those two claims primarily due to issues with the sufficiency of the allegations. Dkt. No. 30 at 5–6 (citing Dkt. No. 28 at 14–17). Because the defects with those claims are potentially curable, the Court's dismissal is without prejudice. *See City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009), *as amended* (Aug. 20, 2009). The same is not true for the failure-to-screen claims. For the reasons explained above and in the Court's prior order, those claims are based on a theory that is not legally viable, and no amendment could cure that deficiency. Those claims are therefore appropriately dismissed with prejudice. *City of Oakland, Cal.*, 572 F.3d at 962.

### III.  CONCLUSION

For the reasons explained above, the Court GRANTS IN PART AND DENIES IN PART Preston's motion for reconsideration. Dkt. No. 30.

Dated this 24th day of June, 2025.

Lauren King
United States District Judge